Opinion of the court by
Judge Owsley.
[Absent Chief Justice Bibb.]
This writ of error is brought to a decree giving Clarke relief against a judgment at law, which had been recovered by Reed.
The action at law was brought by Reed upon a contract whereby Clarke undertook and bound himself to make the laths, and lath and plaster the building of Reed, then on hand, in a plain first rate manner, with three coats; the material and attendance to be furnished by Reed, and the work to be done by Clarke, as soon as Reed should be ready for him.—The declaration alleged a breach of the contract in the failure and refusal of Clarke to perform the work; and upon the trial of several issues made up by the parties upon pleas to the merits, one hundred and ten dollars were assessed by the jury in damages, and judgment thereupon rendered against Clarke
It was to be relieved against this judgment, that Clarke exhibited his bill in equity and upon the finals hearing of which the decree sought to be reversed, was pronounced.
The bill does not seek relief against the entire judgment, nor does the decree go farther than to perpetually enjoin Reed from the collection of thirty five dollars thereof, and to require him to pay Clarke the cost of the suit in equity.
But we are incapable of perceiving the principle upon which the decree for relief to any extent can be sustained.
The contract upon which the action at law was founded, appears to have been reduced to writing, and signed by Clarke, and although there is another ground relied on in the bill for relief, the court in making its decree, seems to have gone exclusively *19 upon the idea, that as the judgment at law, is for a sum equal in amount to the consideration paid by Reed, for the work which Clarke by his contract undertook to perform, and as the consideration paid was notes on the Bank of the Commonwealth, which were of less value in gold and silver than their nominal amount, therefore, instead of recovering the full amount of the judgment. Reed ought to he enjoined from the collection of so much thereof, as exceeds in gold and silver value, the consideration actually paid by him for the work.
Equity has no jurisdiction to enjoin the collection of a part of a judgment in covenant because the assessment of the damages was excessive—Whatever may diminish the damages in covenant shall be relied upon at law.
That the consideration for the covenant for the breach of which the damages were assessed, was recited to have been so many dollars, whereas that sum only was received in commonwealth’s paper, and the damages were assessed to the nominal amount, is no ground for equity.
*19 If the gold and silver value of the consideration received, could have any influence over the amount of the damages to be recovered for a breach of the contract, (and whether or not, we shall not stop to inquire,) the principle upon which a court of equity can interpose and enjoin any part of the judgment at law, would not be discerned.
In actions of covenant, such as that in which the judgment at law was recovered, it is the peculiar and emphatic province of the jury, to ascertain the damages which have been sustained by a breach of the contract, and after having done so, a court of equity, unless under extraordinary circumstances, possesses no power to interpose and reduce their assessment, or to enjoin the collection of any part thereof, because the amount is greater than in justice it should be.
Whatever may have a legitimate influence upon the amount of damages to be recovered in such a case, is properly a subject of legal investigation, and should be relied upon, if at all, on the trial at law.
But there is contained in the written contract, upon which the action at law is founded, an acknowledgment on the part of Clarke, of his having received, as the consideration for the work which he undertook to perform, one hundred and ten dollars; and we are told that in consequence of that acknowledgement, by the technical rules of law, Clarke was not at liberty on the trial at law, to prove that the one hundred and ten dollars received, was Commo *20 nwealth’s Bank paper, and not silver, and hence it is contended, that although in ordinary cases, it might be incompetent for a court of equity to interpose, and correct the verdict of a jury, on account of the damages being excessive it was correct under the peculiar circumstances of this case to do so.
The rules of evidence as to the explanation or contradiction of writings by parol testimony, is the same in law and equity.
Turner, for plaintiff.
But were it true, that by the rules of evidence, Clarke was prevented from proving that the one hundred dollars acknowledged to have been received, were paid in the paper of the Bank of the Commonwealth, and not silver, it would not follow that relief should be given in a court of equity.
For the doctrine is well settled, that the rules of evidence are the same in a court of equity as in a court of law, and of course, if it were incompetent in a court of law, to prove that the one hundred dollars were received in Commonwealth’s Bank paper, it must be equally inadmissible to make such proof in a court of equity.
The other ground relied upon for relief, but which was considered by the court below, as insufficient to authorize a decree in favor of the complainant Clarke, is of a character so obviously against him, that any remarks upon it would be altogether useless.
The decree must be reversed with cost, the cause remanded to the court below, and the bill dismissed with cost, and the injunction dissolved with damages.